WILLIAM B. TULLIS, Assignee, etc., Respondent v. WILLIAM S. MILLER and HORACE WEBSTER, Appellants.

*Assignee in bankruptcy — actions by — jurisdiction of State courts over.*

This action was brought upon an undertaking given to procure the discharge from arrest of one Miller, who had been sued by the plaintiff, as an assignee in bankruptcy, to recover money collected by Miller for the bankrupt, which he had failed to pay over. Plaintiff having recovered a judgment in the first action for $2,195.50 and taken the necessary measures to charge the bail, brought this action upon the undertaking: *Held,*

That the action was properly brought in the State court and could be maintained.

That even if the amendment to the bankrupt act, passed in 1874, operated in any case to deprive the State courts of jurisdiction over an action brought by an assignee in bankruptcy, this case was not affected thereby, for the reason that the cause of action did not arise under the laws of the United States, and that it was not brought for the collection of the legal assets or debts of the bankrupt.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Treadwell Cleveland,* for the appellants.

*James A. Hudson* and *Newton A. Calkins,* for the respondent.

DYKMAN, J. :

This is an action on an undertaking given to procure the discharge of the defendant, Edward F. Miller, from arrest in a civil action. The plaintiff was the assignee in bankruptcy of Ernest Sacchi, and as such commenced an action in the Supreme Court of this State, against Edward F. Miller, for the recovery of money which he had collected for the bankrupt and had not paid over. In that action an order of arrest was obtained from a justice of the Supreme Court, against Miller, and he was held to bail in the sum of $1,800 ; in pursuance of which he gave an undertaking, in the usual form, executed by himself and the defendants in this action. He was thereupon discharged from arrest, and the action proceeded to judgment in favor of the plaintiff against him · for $2,119.52. The necessary measures were taken to charge the bail and this action is now brought on the undertaking. At the trial a verdict was directed for the plaintiff for the amount claimed, and a motion for a new trial on the minutes was denied, and the case now comes here on appeal from the judgment entered on the verdict and from the order denying a motion for a new trial.

The principal objection made here by the appellant has reference to the power of the State court to entertain the action, and is predicated upon the claim that the legislation of congress has been such as to give exclusive jurisdiction of the action to the courts of the United States. Before the amendment of the bankrupt law, in 1874, such jurisdiction was not exclusive, and the Court of Appeals of this State held, in November, 1873, that in an action brought by an assignee in bankruptcy to recover the estate of the bankrupt, the provisions of the bankrupt act conferring jurisdiction in such cases upon the District and Circuit Courts of the United States were not intended to interfere with, and did not exclude, the jurisdiction of the State courts. (*Cook* v. *Whipple*, 55 N. Y., 150.) In June, following this decision, the law was amended by the addition of a proviso : " That the court having charge of the estate of any bankrupt may direct that any of the legal assets or debts of the bankrupt, as contradistinguished from equitable demands, shall, when such debt does not exceed five hundred dollars, be collected in the courts of the State where such bankrupt resides, having jurisdiction of claims of such nature and amount." (Laws of 1874, p. 178, chap. 390, § 2.)

The claim is, that by allowing actions for the collection of the assets of a bankrupt, not exceeding $500, to be prosecuted in the State courts, it was designed by the amendment to limit and restrict their jurisdiction to the class of cases arising under the proviso ; and the General Term of the Supreme Court in New York city has substantially so held. (*Olcott* v. *Maclean*, 11 Hun, 394.)

That was an action for the recovery for personal property which, it was claimed, had been disposed of in fraud of the bankrupt law, and was therefore for the recovery of the assets of the bankrupt, and arose under the laws of the United States ; and it may be that the United States courts, since the amendment, have exclusive jurisdiction of such actions. Contrary to this, however, it has been held by the General Term of the Supreme Court in the fourth department, that the only effect of that act is to permit the Federal courts to decline to entertain actions brought to recover assets of a bankrupt not exceeding $500 in amount; that it does not take away the jurisdiction of the State courts, but permits the Federal courts to relieve themselves in certain cases. (*Wente* v. *Young*, New York Weekly Digest, Nos. 13, 14, Dec. 3, 1877, p. 295 ; 12 Hun, 220.)

If we were obliged to decide the question, our inclination would be towards this construction ; but on this point our position is that this case is not within the inhibition, for the reason that the cause of action did not arise under the laws of the United States, and is not brought for the collection of the legal assets or debts of the bankrupt. The cause of action here accrued to the plaintiff by operation of law, as the result of an action prosecuted by him in the Supreme Court. The bankrupt never had any interest in the claim upon which the action is founded. True, the money when collected on the claim in suit, will come to him in his capacity of assignee and go into the estate of the bankrupt and be administered under that law ; but that is not the test. The question is, in what cases does the amendment of the law confer exclusive jurisdiction upon the United States courts ? and the answer is, in those only that are prosecuted to collect the legal assets or debts of the bankrupt. Moreover, it is very doubtful whether exclusive jurisdiction can be conferred upon the United States courts over actions of this character. The Constitution provides that the judicial power shall extend to all cases arising under the laws of the United States (arti-

cle 3, section 2); no power is delegated to congress to legislate beyond this limit. All powers possessed by the State governments and not delegated to the United States, are retained. (Federalist, No. 32.) If congress can clothe the United States courts with exclusive jurisdiction over this class of cases, it must be because that power has been expressly delegated to it by the Constitution of the United States. This has not been done. The language above referred to is its nearest approach, and this comes very far short of it.

Our conclusion is, therefore, that the State court has jurisdiction of this action, and that the judgment must be affirmed, with costs.

Barnard, P. J., concurred ; Gilbert, J., did not sit.

Judgment affirmed, with costs.